UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| KILAS STOCKTON, ) | C/A No.: 4:16-1393-TLW-TER |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | Report and Recommendation |
| WARDEN FCI WILLIAMSBURG, ) | |
| ) | |
| Respondent. ) | |
| ) | |

The *pro se* Petitioner filed a petition for writ of habeas corpus on May 2, 2016, pursuant to 28 U.S.C. § 2241[1]. On July 12, 2016, Respondent filed a Motion to Dismiss or, in the alternative, a motion for summary judgment along with a memorandum and exhibits in support. As matters outside of the pleadings have been presented for consideration, the court will consider the motion under the summary judgment standard set forth in Rule 56 of the Federal Rules of Civil Procedure. An order was filed July 12, 2016, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (Doc. #12). Petitioner filed a response on August 26, 2016.

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

## DISCUSSION

### A. STANDARD FOR SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972).  The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim,  Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists.  If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c). The moving party bears the burden of showing that summary judgment is proper.  Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof.  Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact

finder could reasonably find for it.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party.  Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991).  However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment.  Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992).  The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits."  Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings.  See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves).  Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with . . . affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## B.  ARGUMENT OF PARTIES/ANALYSIS

### Factual and Procedural Background

Petitioner is currently incarcerated at the Federal Correctional Institution (FCI) Williamsburg. At all times relevant to the allegations in the petition, Petitioner was

incarcerated at the FCI in Edgefield, South Carolina. Petitioner filed this petition challenging an administrative disciplinary action he received while incarcerated at FCI Edgefield for Fighting with Another Person in violation of Inmate Disciplinary Code 201 for which he received sanctions including the disallowance of twenty-seven days loss of Good Conduct Time (GCT) and disciplinary segregation for thirty days suspended.

Petitioner brings this action alleging he is innocent of the charge because he was only defending himself after he was attacked by another inmate. Petitioner alleges the Closed Caption Television (CCTV) footage of the incident shows he was attacked, and the staff failed to submit this proof in the incident report and at the DHO hearing.

Respondent concedes that this court has jurisdiction over Petitioner's challenge to a disciplinary action wherein GCT was taken as a sanction because such a sanction impacts the duration of his sentence. Respondent also stipulates that Petitioner exhausted the Administrative Remedy Process as to the allegations set forth in is habeas petition except for the issue of failure to protect, which is subject to dismissal under Rule 12(b)(1).[2]

Respondent submitted several exhibits in support of the motion for summary judgment, including but not limited to the following: a copy of the incident report (Exhibit #2); Notice of the Discipline Hearing before the Discipline Hearing Officer (DHO) that was delivered to Petitioner (Exhibit #3); a copy of the Inmates Rights at Discipline Hearing (Exhibit #4); and, a copy of the DHO decision (Exhibit #5).

---

[2] Any claim of failure to protect is not actionable pursuant to 28 U.S.C. 2241 and should be dismissed.

4

## ANALYSIS

The Supreme Court held that inmates are entitled to limited due process rights in prison disciplinary proceedings to the extent that a protected liberty interest is affected. Inmates have a protected liberty interest in the accumulation of good time credits. See Wolff v. McDonnell, 418 U.S. 539, 564, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Therefore, in prison disciplinary proceedings where a prisoner faces the possible loss of good conduct credits, he is entitled to certain due process protections. Id. These include advance written notice of the charges against him, a hearing, the right to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns, and a written decision. Wolff, 418 U.S. at 564-571. Furthermore, substantive due process is satisfied if the disciplinary hearing decision was based upon "some evidence." Superintendent, Mass. Correctional Institute v. Hill, 472 U.S. 445, 455, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985).

Here, Petitioner has not shown a violation of due process under Wolff, supra. Even though Petitioner alleges his loss of GCT should be expunged since he was defending himself, it is uncontested that Petitioner was given advance written notice of the charges, that he was provided with a UDC hearing, that he received notice of the disciplinary hearing before the DHO as well as with a copy of his inmate rights on July 4, 2014, more than twenty-four hours prior to the DHO hearing held on July 15, 2014. (Exhibit #3). The DHO hearing was conducted on July 15, 2016, at which Petitioner was present and made a statement in his own defense. See Respondent's Exhibit #5. Petitioner did not request any

witnesses to be present. Id. After considering all of the evidence, the DHO found that Petitioner had committed the prohibited act as charged and imposed sanctions, including disallowance of good conduct time and disciplinary segregation, suspended. Id. The DHO also prepared a written report detailing the decision, the evidence relied upon, and the reasons for the sanctions imposed, and a copy of this written decision was delivered to the Petitioner on August 22, 2014 Id.

Petitioner does not contest that any of his rights were violated during the DHO hearing other than his challenge to the sufficiency of the evidence. He asserts he was not guilty of the offense because he was defending himself after being struck by the other inmate and stabbed in the back with a homemade knife. Petitioner alleges the fact that he was stabbed was left out of the incident report by the Officer. Nonetheless, there is nothing in this case history which shows a violation of Wolff and its progeny. To sustain a conviction in an institutional setting, the fact-finder need only show that some evidence existed to support the decision. See Irvin v. Federal Bureau of Prisons, 2009 WL 1811245 (D.S.C.2009) (citing Superintendent, Massachusetts Correction Institution v. Hill, 472 U.S. 445-456-457, 105 S.Ct. 2768, 86 L.Ed. 2d 356 (1985)); see also Chevron U.S.A. v. Natural Res. Def. Cil., Inc., 467 U.S. 837, 844, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984) (Agency's decisions are not to be second-guessed by federal courts unless they are arbitrary, capricious, or manifestly contrary to the statute). This standard was clearly met in this case. Here, the DHO decision was based on the statement of the reporting officer, Lieutenant Blackwelder, who reported that on August 28, 2014, Petitioner was involved in a fight with another inmate in the common area of Unit B-4.

(Respondent's Exhibit # 5). The officer reviewed the CCTV and observed another inmate walking up behind Petitioner and striking him on the upper back area with his right hand as Petitioner was sitting. Id. Petitioner then stood up and turned around, grabbed the inmate whereupon both fell to the floor continuing to wrestle. Id. Petitioner gains control, gets on top of the other inmate, and strikes him in the body area. Id. The DHO report notes under the specific findings that "[y]ou state that [inmate] struck you from behind and this resulted in the two of you fighting. Medical assessments conducted on the two of you documented injuries to both of you conducive to being involved in a fight." Id. The DHO report further noted that the DHO Officer considered Petitioner's statement that he was sitting down minding his own business when he was hit from behind and got up to defend himself. Id. After considering the officer's written account of the incident, supporting documents, and Petitioner's own statement that he was defending himself, the DHO found that "...through the greater weight of the evidence in the case..." that Petitioner committed the prohibited act as charged. Id. While Petitioner disagrees with the DHO's findings, there was "some evidence" to support the decision. Superintendent, Massachusetts Correction Institution v. Hill Superindedent, supra.[3]  Therefore, Petitioner's claim that he was denied due process is without merit and should be dismissed.

In conclusion, there is no evidence of a due process violation in this action as

---

[3] Petitioner appealed the DHO decision. Both the Southeast Regional Office and the Central Office concluded that the determination by the DHO was reasonable and supported by the evidence thereby denying the appeals.

Petitioner received all of the due process safeguards delineated in <u>Wolff.</u> Accordingly, it is recommended that Respondent's motion for summary judgment be granted and the petition dismissed.

## **CONCLUSION**

Based on the foregoing, it is recommended that Respondent's motion for summary judgment (doc. #11) be GRANTED and the petition dismissed. It is further recommended that any claims for failure to protect in violation of the Eighth Amendment be dismissed as not a proper claim under 28 U.S.C. §2241.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

September 8, 2016
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**