IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Kiias Stockton,<br><br>　　　PLAINTIFF,<br><br>　v.<br><br>Warden FCI Williamsburg,<br><br>　　　DEFENDANT. | Case No. 4:16-cv-01393-TLW<br><br>**Order** |

　　　Plaintiff Kiias Stockton, proceeding *pro se*, filed this petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. ECF No. 1. The matter now comes before the Court for review of a Report and Recommendation (R&R) filed on September 8, 2016, by Magistrate Judge Rogers, to whom this case was assigned. ECF No. 17. In the R&R, the magistrate judge recommends that summary judgment be granted in favor of Defendant and that Plaintiff's petition be dismissed. ECF No. 17. Plaintiff filed objections to the R&R on September 27, 2016. ECF No. 19. This matter is now ripe for decision.

　　　In reviewing the R&R, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Hous. Auth. of City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

1

In light of the standard set forth in *Wallace*, the Court has reviewed, *de novo*, the R&R and the objections. Plaintiff objects to the R&R because he asserts that he has a right to self-defense and accordingly should not lose good time credits when asserting that right. ECF No. 19. As Defendant asserts in its brief, ECF No. 11 at 11–12, there is no right to self-defense in prison disciplinary proceedings. Jones v. Cross, 637 F.3d 841, 848 (7th Cir. 2011) ("[I]nmates do not have a constitutional right to raise self-defense as a defense in the context of prison disciplinary proceedings."); see also Acosta v. Owens, No. 6:12-cv-01303-MGL-KFM, 2012 WL 7177142, at *4 (D.S.C. Dec. 28, 2012), adopted by, No. 6:12-cv-1303-DCN, 2013 WL 652557 (D.S.C. Feb. 21, 2013), aff'd, 539 F. App'x 214 (4th Cir. 2013). Accordingly, Plaintiff's objections are **OVERRULED**.

After careful review of the R&R and the objections, for the reasons stated by the magistrate judge and the reasons set forth in this opinion, the R&R is **ACCEPTED**, and summary judgment is hereby **GRANTED** in favor of Defendant.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

March 1, 2017
Columbia, South Carolina